Filed 9/4/20  P. v. McWoodson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH BYERS McWOODSON,<br><br>Defendant and Appellant. | B298925<br><br>(Los Angeles County<br>Super. Ct. No. SA099087) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Joseph McWoodson pleaded no contest to vehicle burglary after the trial court denied his motion to suppress evidence. (Pen. Code, §§ 459, 1538.5.)[1] We conclude that no Fourth Amendment violation occurred because (1) the evidence appellant seeks to suppress came from a motel room where he was a casual visitor; (2) when the room rental lapsed, the motel took possession of duffel bags abandoned in it and gave them to deputies; and (3) appellant disclaims ownership of the duffel bags, which contained stolen property. The totality of the circumstances show appellant had no proprietary or possessory interest in the place searched or the things seized. Appellant forfeited his challenge to fines and fees by failing to tell the court he is unable to pay them. We affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

At midnight on September 27, 2018, the sheriff conducted a vehicle burglary suppression operation in West Hollywood. Detective Gaudino, in plain clothes, was alerted that a Black male and female Hispanic in a black Hyundai with Oregon license plates were looking into cars at Robertson Boulevard and Melrose Avenue. When Gaudino and his partner arrived, they saw appellant and a woman later identified as Desiree Hernandez on Melrose Avenue in a car matching the dispatcher's description.

Gaudino saw appellant and Hernandez approach parked cars. He lost sight of them but his partner across the street,

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts are derived from testimony at the suppression hearing. Appellant acted in propria persona at the hearing but was represented by counsel when he pleaded no contest.

2

Detective Morton, reported that the Black suspect used a glass punch to break into two vehicles, removed property from the vehicles, and gave it to his accomplice.

Morton heard glass shatter as he approached the suspects. He did not see the window break because trees blocked his view; however, he saw appellant punch out the window of a second car, then pull out purses and small duffel bags and hand them to Hernandez. Morton was about 25 to 50 feet away when he witnessed the thefts.

Gaudino radioed field units to move in for an arrest. Hernandez ran to her car, drove away and was arrested 400 to 500 feet from appellant. Stolen property was found in her car. Appellant did not leave with Hernandez. He walked past Gaudino, ducked between two cars, and removed his beanie, sweatshirt, and a glove. He was arrested moments later. A glass punch was found on the ground near appellant. Morton confirmed that appellant was the person he saw breaking a car window.

Gaudino interviewed Hernandez. He learned that she and appellant had been at a Motel 6 in Gardena. Deputies went to the motel on October 1, 2018. Ms. Vasquez, a manager, confirmed that room 208 was registered to Desiree Hernandez. All of Hernandez's belongings had been removed from the room and placed in trash bags because she stopped paying the bill. Motel policy requires that items in a room be bagged and stored in the lobby when a room bill is unpaid for 24 hours; if unclaimed within a month, the abandoned property is discarded. Deputies never entered room 208 because Vasquez handed them the trash bags in the motel lobby.

3

Deputies took the trash bags to their station, where they conducted an inventory. Whenever they take personal property, they inventory it to ensure there is no contraband or perishable items, and to prove nothing was stolen while in the possession of the sheriff's department. Items in the trash bags were entered into a computer database. Within two large zipped duffel bags were several laptop computers, one of which was reported as stolen. Deputies did not have a warrant when they inventoried the contents of the bags.

Appellant conceded that the room at Motel 6 was registered to Hernandez. He testified that his name was not on the registry. Hernandez let appellant into her room, where he spent five hours. During his visit, two or three other people came to the room. He stated that he left in Hernandez's room "a black backpack with a Versace sign and [a] Louis Vuitton wallet with my credit card inside" and "a pair of size 13 Jordans, that's also in that backpack."

Appellant did not tell deputies when he was arrested that he left property at Motel 6. He found out later that stolen property was recovered at the motel. He testified that he never saw the duffel bags or stolen laptops while he was in the room.

Appellant was charged with six counts of second degree vehicle burglary and 12 counts of receiving stolen property exceeding $950 in value; further, he has a prior serious or violent felony conviction for robbery, a prison prior, and was on bail when he committed the current offenses. (§§ 211, 459, 496, subd. (a), 667, subds. (b)–(j), 667.5, 1170.12, 12022.1.)

Appellant moved to suppress evidence taken from Motel 6, including 11 computers/laptops and an engagement ring. He asserted that his "residence" was illegally searched without a

4

warrant.  The court found appellant cannot contest the search of duffel bags stored in the Motel 6 lobby because he had no expectation of privacy in them.  It denied his motion.

Appellant waived his right to trial.  He pleaded no contest to one count of vehicular burglary and admitted his prior conviction for robbery.  The court sentenced him to the high term of three years, doubled for the strike prior, for a total of six years in prison.  The court issued a certificate of probable cause.

## DISCUSSION

### 1.  Motion to Suppress

The legality of the search is reviewable.  (§ 1538.5, subd. (m).)  We defer to the court's factual findings if supported by substantial evidence, but exercise our independent judgment to determine if a search or seizure is reasonable under the Fourth Amendment.  (*People v. Ovieda* (2019) 7 Cal.5th 1034, 1041; *People v. Glaser* (1995) 11 Cal.4th 354, 362.)  Federal standards govern the suppression of evidence derived from police searches and seizures.  (Cal. Const., art. I, § 24; *Ovieda*, at p. 1041.)

The Fourth Amendment forbids "unreasonable searches and seizures."  Courts determine "whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect."  (*Rakas v. Illinois* (1978) 439 U.S. 128, 140.)  A defendant without a legitimate expectation of privacy in the invaded place or the seized thing cannot bring a Fourth Amendment challenge.  (*People v. Roybal* (1998) 19 Cal.4th 481, 507.)  The defendant "bears the burden of showing a legitimate expectation of privacy."  (*Ibid.*)

Courts look to the "totality of the circumstances," such as whether the defendant has a property or possessory interest in the thing seized or the place searched; had the right to exclude

5

others from that place; exhibited a subjective expectation that the place would remain free from government invasion; took normal precautions to maintain his privacy, and was legitimately on the premises. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 365.)

Appellant admittedly was not the registered guest in room 208. Nevertheless, he argues that he can object to a search and seizure as an overnight guest in Hernandez's room. No evidence supports his claim. He spent five hours in room 208 on September 27, 2018; other people visited while he was there. He was arrested that night. He did not say he planned to spend the night, had a room key, unfettered access, and could exclude others from the room. The court could reasonably find that appellant was a "casual visitor" who cannot object to a search. (*People v. Koury* (1989) 214 Cal.App.3d 676, 687.)

Appellant and Hernandez departed without arranging payment of the daily rent, giving rise to an inference they abandoned the room and the items left behind. (*People v. Parson* (2008) 44 Cal.4th 332, 345–346.) Motel 6 repossessed the room. Appellant lost any reasonable expectation of privacy he might have when he departed, failed to pay rent, and management took property abandoned in the room. (*People v. Ingram* (1981) 122 Cal.App.3d 673, 677–681 [no expectation of privacy after hotel repossesses a room and takes items abandoned in it].) By the time appellant reached Motel 6 on October 2 or 3, the manager had already given the duffel bags to deputies.

The court reasonably found objective factors showing abandonment of personal property. (*People v. Parson, supra,* 44 Cal.4th at p. 346 [intent to abandon property in a motel focuses on objective factors, not the defendant's subjective intent.)

Officers did not need exigent circumstances to enter the Motel 6 lobby to speak to the manager nor did they need to secure a warrant to take abandoned property from the motel.

A person aggrieved by damaging evidence obtained in a search of another person's property cannot claim a violation of his own Fourth Amendment rights. (*Rakas v. Illinois*, *supra*, 439 U.S. at p. 134.) Appellant testified that he never saw the duffel bags or stolen laptops in the motel room, where he left only a backpack containing his wallet and shoes. His disclaimer of a proprietary or possessory interest in evidence police collected negates his claims of a legitimate expectation of privacy in the items. (*People v. Stanislawski* (1986) 180 Cal.App.3d 748, 757; *People v. Scott* (1993) 17 Cal.App.4th 405, 410 [house guest who denies putting anything under an ottoman and disavows ownership of a gun found there has no expectation of privacy].)

### 2. *Imposition of Fines, Fees and Assessments*

Before entering his no contest plea, appellant was advised that he would be subject to fees and fines. After pleading no contest, he was ordered to pay a $400 restitution fine; a stayed parole revocation fine; a $40 court operations assessment; and a $30 conviction assessment. He did not object to the fines or assessments, or the amounts, but now claims inability to pay.

Appellant forfeited this claim. (*People v. Avila* (2009) 46 Cal.4th 680, 729; *People v. Torres* (2019) 39 Cal.App.5th 849, 860; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155 ["it is incumbent on [defendant] to object to the fine and demonstrate why it should not be imposed"]; compare *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1162 [disabled homeless probationer raised her inability to pay fines at sentencing].) Appellant was

sentenced on April 16, 2019, more than three months after *Dueñas* was filed, yet he did not cite the case to the trial court.

The $400 restitution fine imposed exceeded the statutory minimum of $300.  (§ 1202.4, subd. (b)(1).)  Inability to pay may be considered when a fine exceeds the minimum, taking into account the gravity of the crime, the circumstances of its commission, any economic gain to the defendant and loss to the victims, and the number of victims.  The defendant bears the burden of demonstrating inability to pay; no separate hearing is required.  (§ 1202.4, subds. (c), (d).)  This procedure existed when appellant was sentenced, but he did not invoke it or demonstrate his inability to pay, thereby forfeiting it.  (*People v. Williams* (2015) 61 Cal.4th 1244, 1291.)  The statute presumes he can pay and left it to him to prove otherwise.  (*People v. Avila, supra,* 46 Cal.4th at p. 729.)

The fines and fees are not excessive.  Appellant damaged vehicles and stole property from over a dozen victims.  He was charged with 18 criminal counts, pleaded guilty to one count, and received a six-year sentence.  A $400 fine and $70 in assessments are not "grossly disproportional to the gravity of [his] offense." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334.)

Appellant is in his thirties; he claims no physical or mental disability preventing him from earning wages in prison or after release.  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1075–1077 [$10,000 fine not excessive; defendant could pay it and other assessments from prison wages].)  Appellant's due process rights are not implicated because he is not being imprisoned for failure to pay a fine.  (*Williams v. Illinois* (1970) 399 U.S. 235, 237–239; *People v. Torres, supra,* 39 Cal.App.5th at p. 860, fn. 4.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

9